**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10011 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00007-KJD |
| v. | |
| GERARDO REYNA-GONZALEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Gerardo Reyna-Gonzalez appeals from the district court's judgment and

challenges the 57-month sentence and three-year term of supervised release

imposed following his guilty-plea conviction for being a deported alien found

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

unlawfully in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The government contends that the appeal is untimely. We disagree. Reyna-Gonzalez filed his notice of appeal ("NOA") as an attachment to a timely motion to extend time to file an appeal. Because the district court granted that motion and the NOA was filed within 30 days of the original deadline to file an appeal, this appeal is timely. *See* Fed. R. App. P. 4(b)(4).

Reyna-Gonzalez contends that the district court erred by failing to appreciate its discretion under *Kimbrough v. United States*, 552 U.S. 85 (2007), to deviate from the advisory sentencing Guidelines based on policy differences with the Guidelines. The district court did not err because the record reflects that the court was aware of its discretion to deviate and it explained why it chose not to do so.

Reyna-Gonzalez also contends that his sentence is substantively unreasonable because the sentence does not account for the staleness of his prior conviction for a drug trafficking offense, which triggered a 16-level enhancement. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Reyna-Gonzalez's criminal history and individual circumstances. *See id*.

Reyna-Gonzalez finally contends that the three-year term of supervised release is substantively unreasonable because the Guidelines ordinarily recommend against imposing supervised release on deportable aliens. In light of Reyna-Gonzalez's continued motive to return to the United States after release and the need to protect the public, the district court did not abuse its discretion by imposing the term of supervised release. *See* U.S.S.G. § 5D1.1 cmt. n.5 (sentencing court should consider imposing a term of supervised release when "it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case").

**AFFIRMED.**